# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| APPLIANCE RECYCLING CENTERS OF AMERICA, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>PROTIVITI, INC.,<br><br>  Defendant. | Civil No. 18-702 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Scott A. Benson, **BRIOL & ASSOCIATES**, 80 South Eighth Street, Suite 3700, Minneapolis, MN 55402, for plaintiff.

Christopher J. Harristhal and John A. Kvinge, **LARKIN HOFFMAN DALY & LINDGREN, LTD.**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, for defendant.

Appliance Recycling Centers of America, Inc. ("ARCA"), brings this diversity action against its former consulting firm, Protiviti, Inc., for negligence and breach of contract relating to Protiviti's alleged failure to identify gaps in ARCA's accounting methods that allegedly caused ARCA to fail to pay $4.6 million in California sales tax. Protiviti moves to dismiss the entire action as barred by a state-court judgment in a related shareholder-derivative action involving ARCA. Because the plain language of the state-court judgment bars this action, the Court will grant Protiviti's motion. But because it is possible that ARCA could obtain an amended judgment or relief from the state-court judgment, the Court will dismiss this action without prejudice.

## BACKGROUND

This is a diversity action alleging several business torts. (*See* Not. of Removal ¶ 2, Ex. A ("Compl."), Mar. 13, 2018, Docket No. 1.) In 2012, ARCA and Protiviti entered into a consulting agreement. (Compl. ¶ 7, Ex. A.) Pursuant to that agreement, Protiviti provided consulting services to ARCA in 2012 and 2013 to help ARCA improve its "operating effectiveness of [ARCA's] system of internal controls over financial reporting in response to the requirements of Section 404 of the Sarbanes-Oxley Act." (*Id.* ¶ 7, Ex. A at 8, 11, 14.) ARCA alleges that it "retained Protiviti specifically to identify gaps in ARCA's accounting controls, including in the area of tax." (*Id.* ¶ 21.)

In 2014, the State of California began an audit of ARCA for unpaid sales tax from 2011-2013. (*Id.* ¶ 12.) Ultimately, California hit ARCA with an unpaidtaxes bill for over $4.6 million. (*Id.* ¶ 20.) In 2015, a shareholder-derivative action was filed in Minnesota state court against ARCA's directors and officers, alleging breach of fiduciary duties and unjust enrichment for ARCA's failure to pay California sales tax. (Decl. of John A. Kvinge ("Kvinge Decl.") ¶ 4, Ex. C, Mar. 20, 2018, Docket No. 8.) ARCA was a nominal defendant in that action. (*Id.*)

The 2015 shareholder-derivative action settled. The parties there, including ARCA, entered into a "Stipulation and Agreement of Settlement," (*id.* ¶ 6, Ex. E ("Stipulation")), and the state court entered final judgment, (*id.* ¶ 9, Ex. H). The state-court judgment provides:

> 4. The Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. . . . .
>
> 5. Upon the Effective Date, ARCA . . . shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Action against the Released Persons. ARCA . . . shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. . . .

(*Id.* ¶ 9, Ex. H at ¶¶ 4-5.) The final judgment "incorporates by reference the definitions in the Stipulation." (*Id.* ¶ 9, Ex. H at ¶ 1.)

The Stipulation defines "Released Claims" in § 1.17 to mean

> any and all manner of claims . . . brought or that could be brought derivatively or otherwise by or on behalf of ARCA against any of the Released Persons, which . . . are based upon, arise out of, relate in any way to, or involve . . . any of the actions, transactions, occurrences, . . . or any other matters, . . . that are, were, could have been, or in the future can or might be alleged, asserted . . . or referred to in the Action.

(*Id.* ¶ 6, Ex. E at 10-11.) The Stipulation defines "Released Person(s)" to mean "collectively, each and all of the Defendants and their Related Persons." (*Id.* at 12.) The Stipulation defines "Defendants" to mean "collectively, the Individual Defendants and nominal defendant ARCA." (*Id.* at 7.) And the Stipulation defines "Related Persons" to mean "each and all of a Person's past, present, or future . . . consultants . . . [or] advisors."

(*Id.* at 10.) ARCA's outside auditing firm of Baker, Tilly, Virchow & Krause LLP ("BTVK") is specifically excluded from the definition of "Related Persons." (*Id.* at 10.)

ARCA brought this action in January 2018 against Protiviti, alleging that Protiviti failed to identify and timely disclose to ARCA gaps in ARCA's accounting controls that caused it to not pay $4.6 million in California sales tax from 2011-2013. (*See* Compl.) ARCA asserts claims against Protiviti for breach of contract, negligence, and gross negligence. (*Id.* ¶¶ 26-44.) Protiviti moves to dismiss all claims as barred by the state-court action. (*See* Mot. to Dismiss, Mar. 20, 2018, Docket No. 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court views a complaint in "the light most favorable to the nonmoving party." *Longaker v. Bos. Sci. Corp.*, 872 F. Supp. 2d 816, 819 (D. Minn. 2012). The Court considers all facts alleged in the complaint as true to determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[,]'" and therefore must be dismissed. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although the Court accepts the complaint's

factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although "[a] court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim," a court may "consider 'some materials that are part of the public record.'" *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). State-court decisions are matters of public record. *Greenman*, 787 F.3d at 887; *Levy*, 477 F.3d at 991. Thus, it is proper for the Court to consider state-court decisions at the motion-to-dismiss stage; the Court need not convert the motion into one for summary judgment. *Levy*, 477 F.3d at 991-92.

## II.   MOTION TO DISMISS

Determining whether the state-court judgment bars this action is a straightforward exercise. The judgment covers all "Released Claims." Thus, the Court must determine whether any claim in the present action is a Released Claim.

A claim is a Released Claim if it (1) could be brought by ARCA against any Released Person and (2) relates in any way to any of the actions, transactions, occurrences,

or any other matters that were or could have been alleged, asserted, or referred to in the state-court shareholder-derivative action.

First, the Court must determine whether Protiviti is a Released Person. It is. Released Persons include each defendant in the shareholder-derivative action and their Related Persons. ARCA is expressly defined as a defendant. And Protiviti is one of ARCA's Related Persons because Protiviti is ARCA's past consultant or advisor. Thus, straightforward application of the judgment's clearly defined terms leads the Court to conclude that Protiviti is a Released Person. ARCA, however, claims that Protiviti is not a Released Person because ARCA did not intend for the state-court judgment to release any of ARCA's claims against anyone except the plaintiffs in the shareholder-derivative action. But the fact that BTVK is excluded from the definition of Released Persons (by being expressly excluded from the definition of Related Persons) shows that ARCA knowingly and willingly released persons other than the plaintiffs to the shareholder-derivative action.[1]

Second, the Court must determine whether ARCA's claims in this action relate in any way to the state-court shareholder-derivative action. They do. ARCA's first claim is for breach of contract, and ARCA alleges that Protiviti "fail[ed] to identify gaps in ARCA's accounting controls, including in the area of tax," and that "Protiviti did not identify or disclose ARCA's potential liability for California sales and use taxes." (Compl. ¶¶ 29-30.)

---

[1] The state-court judgment, which was entered pursuant to the Stipulation, is similar to a consent decree, whose scope "must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971).

ARCA's second claim is for negligence, and ARCA alleges that Protiviti "breached its duty of care to ARCA by negligently failing to identify gaps in ARCA's accounting controls, including in the area of tax, and by failing to timely identify and disclose ARCA's potential liability for California sales and use taxes." (*Id.* ¶ 35.) ARCA's third claim is for gross negligence, and ARCA alleges that Protiviti "breached its duty of care to ARCA and was grossly negligent by failing to identify gaps in ARCA's accounting controls, including in the area of tax, and by failing to timely identify and disclose ARCA's potential liability for California sales and use taxes." (*Id.* ¶ 43.) All these claims relate to ARCA's failure to pay California sales tax, which was the subject matter of the state-court shareholder-derivative action. ARCA insists, however, that its claims in the present action do not relate in any way to the shareholder-derivative action because the present action is a direct action by ARCA, not a shareholder-derivative action. But the state-court judgment broadly defines Released Claims to include claims "brought or that could be brought derivatively **or otherwise** by or on behalf of ARCA." (Kvinge Decl. ¶ 6, Ex. E at 10-11.) That the judgment includes claims that could "otherwise" be brought by ARCA leads the Court to conclude that the judgment is not limited to claims brought via a shareholder-derivative action. Therefore, applying the clear and unambiguous language of the state-court judgment – and the definitions of the Stipulation incorporated therein – the state-court judgment clearly bars all of ARCA's claims against Protiviti in this action.[2]

---

[2] ARCA argues that Protiviti cannot claim the benefit of a contract (the Stipulation) to which it was not a party and for which it gave no consideration. Those arguments are irrelevant because the issue here is enforcement of a judgment, not a contract. Moreover, even if the question
*(footnote continued on next page)*

Further supporting this conclusion is the fact that the state-court judgment has an express carve-out for ARCA's claims against its outside auditing firm, BTVK. (*Id.* at 10, § 1.16.) This is unsurprising; a company hit with a multimillion-dollar bill for back taxes likely has some questions for its outside auditing firm. That the state-court judgment has an express carve-out for BTVK and no one else strongly suggests, again, that ARCA knowingly and willingly gave up claims against others that it could sue, including Protiviti, for conduct related to the California tax issue. *See Weber v. Sentry Ins.*, 442 N.W.2d 164, 167 (Minn. Ct. App. 1989) ("[T]he expression of specific things in a contract implies the exclusion of all not expressed."); *see also Lamoureux v. MPSC, Inc.*, 849 F.3d 737, 740 (8th Cir. 2017).

The Court finds unpersuasive ARCA's argument that the state-court judgment bars only ARCA's claims against the plaintiffs in the state-court shareholder-derivative action and no one else. ARCA points to the term "Defendants' Released Claims" in § 1.18 of the Stipulation that applies to Released Persons' claims (i.e., claims of Defendants and their Related Persons) against the plaintiffs in the state-court shareholder-derivative action. But that narrower release in § 1.18 is neither in conflict with nor overrides the broader release of all Released Claims in § 1.17. The broad release of § 1.17 applies to ARCA's claims against its Related Persons (including Protiviti), and the narrow release of § 1.18 applies to ARCA's claims against the shareholder-derivative plaintiffs. Moreover, the fact that the

---

was about the scope of a contract, third parties may enforce contractual releases if the third party falls within the scope of the release, even if the third party is not explicitly named. *See Enos v. Key Pharm., Inc.*, 106 F.3d 838, 839-40 (8th Cir. 1997).

state-court judgment excludes ARCA's claims against BTVK from the broader definition of Released Claims in § 1.17 further supports the conclusion that the broad release of § 1.17 includes claims against parties other than the plaintiffs in the state-court shareholder-derivative action.[3]

### III. AMENDING THE STATE-COURT JUDGMENT

Although the state-court judgment bars ARCA's claims against Protiviti in this action, it appears that ARCA may be able to amend or seek relief from the state-court judgment. For example, Minnesota Rule of Civil Procedure 60.02 permits a party to seek relief from a judgment due to "[m]istake, inadvertence, surprise, or excusable neglect" within one year after the judgment. The state-court judgment is dated September 29, 2017, and was entered shortly thereafter. Presumably, then, ARCA still has time under Rule 60.02 to file a motion in state court to amend the judgment in a manner that would permit ARCA to maintain this action against Protiviti. For example, the state-court judgment could include a carve-out for Protiviti in the same or a similar manner in which the state-court judgment contains a carve-out for BTVK. If ARCA is successful, the state-court judgment might no longer bar the present action. Thus, the Court will dismiss this action

---

[3] The sweeping definition of Released Claims is unsurprising. One might expect that ARCA wanted to prevent future shareholder-derivative actions related to the California tax issue – that it wanted to put the issue to bed and move on (save for its claims against BTVK, which ARCA tells the Court it is pursuing via arbitration). And because shareholder-derivative suits assert the company's claims, ARCA had to release its own claims – including claims against Protiviti – to avoid future shareholder-derivative suits related to the California tax issue. ARCA cannot have it both ways. ARCA cannot gain the benefit of a judgment that bars future shareholder-derivative suits while enjoying the freedom to maintain its own direct actions.

*(footnote continued on next page)*

without prejudice because ARCA has the potential to amend or get relief from the state-court judgment so as to permit this action against Protiviti.[4]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 5] is **GRANTED.**

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 18, 2018                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                                         Chief Judge
                                           United States District Court

---

[4] To be clear, the Court holds only that the present state-court judgment bars the present action. The Court expresses no opinion on whether or how Minnesota law might permit ARCA to amend the state-court judgment, whether any motion or request regarding the state-court judgment should be granted, or the scope or force of any potential amended judgment.